**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **JEREMIAH LYLES,** | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **CIVIL ACTION NO. 26-CV-7352** |
| | : | |
| **PHILADELPHIA BOARD OF** | : | |
| **PENSIONS AND RETIREMENT, *et al.*,** | : | |
| **Defendant.** | : | |

## MEMORANDUM

**MURPHY, J.** **OCTOBER 2, 2026**

Plaintiff Jeremiah Lyles seeks an investigation into the manner in which his mother's will was handled by the probate court and other matters pertaining to the administration of her estate. He seeks to proceed *in forma pauperis*. For the following reasons, the Court will grant Lyles leave to proceed *in forma pauperis* and dismiss his Complaint.

## I. FACTUAL ALLEGATIONS[1]

Lyles initiated this civil action by submitting a document to the United States District Court for the Middle District of Pennsylvania setting forth "possible statutory violations and areas for investigation" with attached exhibits related to the administration of the estate of Gloria Lyles, his mother, in Chester County. DI 1 at 1. The Clerk's Office in the Middle District construed Lyles's filing as a civil Complaint, *see* Fed. R. Civ. P. 5(d)(4), and treated Lyles's list of "individuals and entities" involved "in the matters described" as the Defendants in the case since Lyles's submission did not contain a caption listing defendants, as required by Federal

[1] In determining whether the Complaint states a claim, the Court considers Lyles's allegations, exhibits, and matters of public record. *Schmidt v. Skolas*, 770 F.3d 241, 249 (3d Cir. 2014). The Court adopts the pagination supplied by the CM/ECF docketing system.

Rule of Civil Procedure 10(a). DI 1 at 3. The Court then directed Lyles to either pay the fees to commence a civil action or seek leave to proceed *in forma pauperis*. *See* DI 3. When he responded by filing a Motion to Proceed *In Forma Pauperis*, the Middle District transferred the matter to this Court. DI 4, 5.

Lyles's "Complaint" requests a "formal investigation by appropriate law enforcement and regulatory authorities" into assorted violations of state and federal laws and procedural rules that Lyles believes may have occurred during probate proceedings following what appears to have been the discovery of a photocopy of Gloria Lyles's "lost will." DI 1 at 1, 1-6. His submission identifies three general areas for investigation: "(1) discrepancies and irregularities in the probate proceeding for the Estate of Gloria Lyles in Chester County, Pennsylvania; (2) an identity-theft and mail-diversion concern involving a Philadelphia municipal pension account [which belonged to Gloria Lyles]; and (3) open questions about the handling of estate assets, including a bank account and real property." DI 1 at 1, 1-7. As noted, Lyles included a list of individuals and entities to be contacted by putative investigators due to "their role in the relevant filings, communications, or circumstances." DI 1 at 3. Although the Clerk's Office in the Middle District listed these individuals as "defendants" when it created the caption, Lyles notes that their inclusion in his filing "is not an assertion of wrongdoing on the part of any individual." *Id.* In addition to generally seeking an investigation, Lyles requests assorted injunctive relief that can be characterized as review of estate property or how the estate was handled, records requests pertaining to property within the estate, and referral of the attorneys involved in administering the estate to the Pennsylvania Office of Disciplinary Counsel. *Id.*

## II. STANDARD OF REVIEW

The Court will grant Lyles leave to proceed *in forma pauperis* because it appears that he does not have the ability to pay the fees to commence this case. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim. This standard requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). At the screening stage, the Court will accept the facts alleged in the *pro se* complaint as true, draw all reasonable inferences in the plaintiff's favor, and ask only whether the complaint, liberally construed, contains facts sufficient to state a plausible claim. *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021), *abrogation on other grounds recognized by Fisher v. Hollingsworth*, 115 F.4th 197 (3d Cir. 2024). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678; *see also Martinez v. UPMC Susquehanna*, 986 F.3d 261, 266 (3d Cir. 2021).

Furthermore, the Court must dismiss the Complaint if it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). A plaintiff commencing an action in federal court bears the burden of establishing federal jurisdiction. *See Lincoln Benefit Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015). "Jurisdictional [issues] . . . 'may be raised at any time' and courts have a duty to consider them *sua sponte*." *Wilkins v. United States*, 598 U.S. 152, 157 (2023) (quoting *Henderson v. Shinseki*, 562 U.S. 428, 434 (2011)).

## III. DISCUSSION

The overarching issue with Lyles's filing is that the Court cannot authorize the relief he seeks. Lyles's submission, which it seems he may not have intended to bring as a civil complaint, asks for a "formal investigation by appropriate law enforcement and regulatory

authorities." DI 1 at 1. However, an agency's decision to enforce or prosecute a matter, "whether through civil or criminal process, is a decision generally committed to an agency's absolute discretion." *Heckler v. Chaney*, 470 U.S. 821, 831 (1985). It follows that a "request for a criminal investigation and the initiation of criminal charges[] . . . has no place in a civil lawsuit . . . [because it] is not the type of relief this Court can order." *Thompson v. United States*, No. 26-2748, 2026 WL 1417726, at *2 (E.D. Pa. May 20, 2026) (citing *Linda R.S. v. Richard D.,* 410 U.S. 614, 619 (1973) (explaining that "a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another"); then citing *Boseski v. N. Arlington Municipality*, 621 F. App'x 131, 135 (3d Cir. 2015) (*per curiam*) ("Boseski has no cognizable claim against a government entity for its failure to investigate or bring criminal charges against another individual."); then citing *Smith v. Friel*, No. 19-943, 2019 WL 3025239, at *4 (M.D. Pa. June 4, 2019), *report and recommendation adopted*, 2019 WL 3003380 (M.D. Pa. July 10, 2019) ("[A] civil rights plaintiff may not seek relief in civil litigation in the form of an order directing the criminal prosecution of some third parties")); *see also Murse v. Murse*, No. 24-1057, 2024 WL 1739295, at *1 (3d Cir. Apr. 23, 2024) (*per curiam*) ("[T]he District Court properly concluded that it lacks authority to compel an investigation by a law enforcement agency." (footnote and citation omitted)); *Risis v. Solakian*, No. 23-4188, 2024 WL 5039755, at *4 (D.N.J. Dec. 6, 2024) ("[T]his Court does not have the authority to order a federal criminal or civil investigation."). Further, criminal statutes do not provide a basis for civil liability. *See Cent. Bank of Denver, N.A. v. First Interstate Bank of Denver, N.A.*, 511 U.S. 164, 190 (1994) ("We have been quite reluctant to infer a private right of action from a criminal prohibition alone[.]"); *Gilbert v. Mallios*, No. 24-1387, 2024 WL 1806431, at *2 (E.D. Pa. Apr. 25, 2024) (rejecting claims brought under federal criminal statutes); *Brown v. Chase Auto - JPMorgan Chase Bank*,

No. 23-1473, 2023 WL 3455615, at *3 n.3 (E.D. Pa. May 15, 2023) (explaining that there is no private cause of action under federal criminal statutes prohibiting mail fraud, wire fraud, forgery, or identity theft). Accordingly, the Court must dismiss the Complaint because it cannot provide Lyles the relief he seeks and the Court cannot discern a plausible federal claim from Lyles's allegations.

To the extent Lyles's submission could be liberally construed to pursue claims under Pennsylvania law, the Court lacks jurisdiction over those claims. The only possible basis for jurisdiction is 28 U.S.C. § 1332(a), which grants a district court jurisdiction over a case in which "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." "Complete diversity requires that, in cases with multiple plaintiffs or multiple defendants, no plaintiff be a citizen of the same state as any defendant." *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010). For diversity purposes, an individual is a citizen of the state where he is domiciled, meaning the state where he is physically present and intends to remain. *See Washington v. Hovensa LLC*, 652 F.3d 340, 344 (3d Cir. 2011). A corporation is a citizen of the state in which it is incorporated and the state in which it has its principal place of business. *See* 28 U.S.C. § 1332(c). In contrast, "the citizenship of an LLC [or other unincorporated entity] is determined by the citizenship of its members." *Zambelli*, 592 F.3d at 420. Furthermore, diversity jurisdiction is limited by the "probate exception," which deprives federal courts of the ability to "(1) probate or annul a will, (2) administer a decedent's estate, or (3) assume *in rem* jurisdiction over property that is in the custody of the probate court." *Three Keys Ltd. v. SR Util. Holding Co.*, 540 F.3d 220, 227 (3d Cir. 2008).

It is not clear from Lyles's submission that he necessarily intended to bring a civil action and, if so, who he named as defendants. As noted above, in the absence of a proper caption, the Clerk's Office in the Middle District of Pennsylvania appears to have assumed that the individuals and entities listed for investigation should be listed as defendants; but that does not necessarily make them defendants, especially considering Lyles's statement that he does not necessarily seek to impose liability upon them. Without clear information about who the Defendants are (assuming Lyles intends to pursue civil claims) and whether Lyles seeks any proper relief, the Court cannot determine whether diversity exists. Further, it appears that most, if not all, of the issues underlying Lyles's civil claims pertain to the administration of his mother's estate, which is not subject matter over which this Court may exercise jurisdiction. *See Swatt v. Hawbaker*, No. 22-2940, 2024 WL 361314, at *1 (3d Cir. Jan. 31, 2024) ("The District Court correctly applied the probate exception by dismissing each of the three counts to the extent they sought administration of Decedents' estates or the probate of the correct will.").

## IV. CONCLUSION

For the foregoing reasons, the Court will grant Lyles leave to proceed *in forma pauperis* and dismiss his Complaint. In an abundance of caution, Lyles will be permitted to file an amendment in the even he seeks to pursue civil claims and in the event he can plead a proper basis for the Court's jurisdiction and a proper basis for relief. Alternatively, he may seek to proceed in state court. An Order follows, which provides further guidance as to amendment.

**BY THE COURT:**

/s/John F. Murphy, U.S.D.J.

**JOHN F. MURPHY, J.**